UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-CR-00029

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

DAVID B. COOPER                                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Defendant's motion to dismiss. (Def.'s Mot., Docket Number ("DN") 16.) The motion was exhaustively briefed by the parties. The Government responded. (Gov't's Resp., DN 19.) The Defendant replied. (Def.'s Reply, DN 20.) The Government then filed a surreply. (Gov't's Surreply, DN 23.) The Defendant rebutted the surreply. (Def.'s Rebuttal, DN 26.) In addition, the Court heard oral arguments by the parties on March 5, 2013. After oral argument, the Defendant further supplemented its motion to dismiss. (Def.'s Supplement, DN 36.) This matter is now ripe for adjudication. For all of the following reasons, the Defendant's motion is **DENIED**.

**I.**

Defendant David Cooper ("Cooper") is charged with one count of conspiring to possess and receive contraband cigarettes in violation of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 *et seq.* (Indictment, DN 1, ¶ 6.) The CCTA makes it "unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes[.]" 18 U.S.C. § 2342(a). For the purposes of the CCTA, the term "contraband cigarettes" is defined as "a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found," subject to certain inapplicable exceptions. *Id.* § 2341(2).

1

Cooper's alleged violation of the CCTA stems from his involvement in several tobacco companies. First, Cooper owned and operated Tantus Tobacco, LLC ("Tantus Tobacco"), a manufacturer of cigarettes. (Indictment, DN 1, ¶ 2.) Second, Cooper was the operator and part-owner of DS Marketing, LLC ("DS Marketing"). (*Id.* ¶ 1.) "DS Marketing's principal mode of business was the sale of cigarettes by mail order and telephone." (*Id.*) According to the Government, Tantus Tobacco "supplied DS Marketing with a substantial portion of its cigarettes, later sold to retail customers." (*Id.* ¶ 2.) Third, although not plainly apparent from the indictment, Cooper admits that a third party, an "intermediate wholesaler," facilitated transactions between Tantus Tobacco and DS Marketing. (*See, e.g.*, Def.'s Reply, DN 20, p. 6; Def.'s Rebuttal, DN 26, p. 7.) According to Cooper, Tantus Tobacco sold cigarettes to the intermediate wholesaler, which in turn sold some or all of the cigarettes to DS Marketing.

As part of the conspiracy to violate the CCTA the indictment alleges that Cooper participated in several overt acts. Most importantly for the matter under consideration, the Government claims that "Cooper, as an owner and operator of DS Marketing, knowingly received, acquired and possessed contraband cigarettes, that is quantities of cigarettes greater than 10,000, which bore no evidence of the payment of the applicable state excise tax stamps." (Indictment, DN 1, ¶ 7.) The indictment does *not* allege that DS Marketing was the entity that should have paid the applicable excise taxes on the cigarettes or otherwise affixed the tax stamps. Rather, the Government asserts that DS Marketing received, acquired, and possessed contraband cigarettes. In other words, the indictment charges that the cigarettes at issue were *already* contraband (*i.e.*, excises taxes were due but not paid on the cigarettes) when they came into DS Marketing's possession. Accordingly, DS Marketing is alleged to have violated the CCTA, not because it failed to pay state excise taxes on the cigarettes, but because it possessed contraband

cigarettes on which taxes were already due but had not been paid. *See* 18 U.S.C. § 2342(a) ("It shall be unlawful for any person to knowingly . . . possess . . . contraband cigarettes[.]").

In light of the foregoing, Cooper seeks dismissal of the indictment on two grounds. First, Cooper argues dismissal is warranted because the cigarettes were not "contraband," that is, no Kentucky excise taxes were due on the cigarettes when they were possessed or otherwise sold by DS Marketing. Second, some, but not all, of the cigarettes at issue were "Berkley" branded cigarettes. Berkley cigarettes are not listed in Kentucky's Tobacco Directory, and Kentucky law expressly prohibits the payment of excise taxes on non-directory cigarettes. Accordingly, Cooper argues that the Berkley branded cigarettes were not contraband because no excise taxes were due on them. Because the Court finds that at least some of the cigarettes at issue were already contraband when possessed by DS Marketing the Court need not consider Cooper's second argument at this time.

## II.

A criminal indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). A defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "Rule 12(b)(2) motions are typically raised when confronting matters of law, such as 'former jeopardy, former conviction, former acquittal, statute of limitations, immunity and lack of jurisdiction.'" *United States v. Alwan*, 822 F. Supp. 2d 672, 672 (W.D. Ky. 2011) (quoting *United States v. Craft*, 105 F.3d 1123, 126 (6th Cir. 1997)). Motions to dismiss can also challenge the sufficiency of the indictment. "In consideration of a motion to dismiss the indictment as being insufficient, the court's 'determination must be based on whether the facts alleged in the indictment, if accepted as

entirely true, state the elements of an offense and could result in a guilty verdict. Generally speaking, it is a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury.'" 1A Charles Alan Wright, *et al.*, Federal Practice & Procedure § 191 n.13 (4th ed. 2013) (quoting *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011)).

### III.

Cooper moves to dismiss the indictment on grounds that it does not allege a violation of the CCTA because DS Marketing did not possess "contraband cigarettes." Therefore, resolution of the motion turns on whether the cigarettes at issue were "contraband cigarettes."

### 1.

As an initial matter, the Court notes that this appears to be a question of fact. Cooper essentially argues that application of the facts to the law demonstrates the cigarettes were not contraband. In a motion to dismiss for insufficiency, a "district court is permitted to make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury." *Alwan*, 822 F. Supp. 2d at 672. Ultimately, the Court concludes that the allegations in the indictment, taken as true, state the elements of a violation of the CCTA and could result in a guilty verdict against Cooper. Nothing in this opinion is to be construed as conclusively finding that the cigarettes were contraband, however. The Government still bears the burden of proving this element of the crime beyond a reasonable doubt at any trial of this action.

### 2.

As described above, contraband cigarettes are defined as "a quantity in excess of 10,000 cigarettes, which bear no evidence of payment of applicable State and local cigarette taxes in the State or locality where such cigarettes are found[.]" 18 U.S.C. § 2341(2). Accordingly, "[a]

4

violation of state cigarette tax law is a predicate to the CCTA violation." *United States v. Gord*, 77 F.3d 1192, 1993 (9th Cir. 1996). "The [CCTA] requires that the state require a tax, otherwise the cigarettes are not contraband." *United States v. Skoczen*, 405 F.3d 537, 547 (7th Cir. 2005). "If there are no 'applicable State or local cigarette taxes,' cigarettes are not contraband . . . ." *United States v. Wilbur*, 674 F.3d 1160, 1173-74 (9th Cir. 2012).

In Kentucky, cigarette excises taxes are only due "on the sale of cigarettes w*ithin the state*." KRS § 138.140(1) (emphasis added). For the purposes of KRS § 138.140(1), a "sale" is a defined broadly as "any transfer for a consideration, exchange, barter, gift, offer for sale, advertising for sale, soliciting an order for cigarettes . . . and distribution in any manner or by any means whatsoever." KRS § 138.130(7). Therefore, so long as there is a "sale" of cigarettes within Kentucky, Kentucky's excise taxes set forth in KRS § 138.140 are applicable. Cooper's chief argument in favor of dismissal is that the cigarettes at issue were not "contraband" under the CCTA because no Kentucky cigarette taxes were due. And no Kentucky cigarette taxes were due because DS Marketing did not sell the cigarettes "within the state." At oral argument the Government appeared to concede that DS Marketing did not sell cigarettes within Kentucky.

Cooper's argument, while initially persuasive, misses the mark. As alleged in the indictment, DS Marketing did not violate the CCTA because it sold contraband cigarettes. Rather, it allegedly violated the law because it possessed cigarettes that had previously become contraband. The applicable cigarette taxes were already due on the cigarettes when DS Marketing "knowingly received, acquired, and possessed" them. (Indictment, DN 1, ¶ 7.) The Seventh Circuit aptly explained a CCTA violation based on possession rather than sale of contraband cigarettes in *United States v. Skoczen*:

> The [CCTA] does not require the person possessing contraband to be the one in violation of the state law. Although a violation of state cigarette tax law may be a

> predicate to a CCTA violation that does not mean the individual violating the federal law must also be in violation of state law. In other words, although a distributor may be liable under state law for not paying cigarette taxes, anyone in possession of those cigarettes is in violation of federal law, assuming satisfaction of the other statutory criteria.

*Skoczen*, 405 F.3d at 5467 (citation omitted). As explained by the *Skoczen* Court, when state cigarette taxes are due under state law but go unpaid, then those cigarettes become contraband for the purposes of the CCTA. The "stain" of contraband remains on those cigarettes no matter that they are sold or transferred to another individual or entity that had no obligation to pay the taxes in the first instance. The subsequent entity violates the CCTA by possessing contraband cigarettes no matter that its actions did not cause the cigarettes to acquire the "contraband" label.

In the present case, Kentucky state cigarette taxes became due when Tantus Tobacco sold or otherwise transferred the cigarettes to the intermediate wholesaler. *See* KRS § 138.146(1) ("[Cigarette taxes] shall be due when any licensed wholesaler or unclassified acquirer takes possession within this state of untax-paid cigarettes."). As confirmed by Cooper, the intermediate wholesaler then sold or otherwise transferred those cigarettes to DS Marketing. The Government alleges that the cigarettes were already contraband when "received, acquired, and possessed" by DS Marketing, meaning that the intermediate wholesaler, not DS Marketing, failed to pay the applicable state cigarette taxes. This, if proven to be true, is a violation of the CCTA regardless of whether DS Marketing ultimately sold the contraband cigarettes to consumers outside of Kentucky.

In conclusion, the indictment alleges that the cigarettes at issue were contraband because they were a quantity in excess of 10,000 and bore no evidence of the payment of Kentucky state cigarette taxes. *See* 18 U.S.C. § 2341(2) (defining contraband cigarettes). DS Marketing then "knowingly received, acquired, and possessed" those cigarettes while they were still tainted as

contraband. The CCTA makes it unlawful for any person to "knowingly . . . possess . . . contraband cigarettes[.]" *Id.* § 2342(a). Therefore, taking all of the allegation as true, the indictment sufficiently states the elements of a CCTA violation and could result in a guilty verdict against Cooper. For these reasons, Cooper's motion to dismiss must be denied.

## IV.

Two of Cooper's other arguments in favor of dismissal also deserve of brief analysis. First, as explained above, Cooper contends that Berkley branded cigarettes manufactured by Tantus Tobacco and ultimately possessed by DS Marketing are not "contraband" under the CCTA because they are non-directory cigarettes under Kentucky's Tobacco Master Settlement Agreement and are not taxable. In fact, Cooper contends that it would have been unlawful to place tax stamps on the non-directory, Berkley branded cigarettes. *See* KRS § 131.612(1) ("It shall be unlawful for any stamping agent or distributor to affix a stamp to a package or other container of cigarettes of a tobacco product manufacturer or brand family not included in the directory."). Although Cooper's argument may have merit, he contends that only a portion of the cigarettes possessed by DS Marketing were Berkley cigarettes. Cooper effectively concedes that some quantity of cigarettes possessed by DS Marketing were something other than Berkley cigarettes. Because Cooper does not argue and there is no indication that the "other" cigarettes where of a quantity less than 10,000 – the amount triggering CCTA liability – the Court will not dismiss the indictment on these grounds. Even assuming that the Berkley branded cigarettes were not contraband because no tax was due, taxes were allegedly due but unpaid on the "other" cigarettes, and DS Marketing possessed those cigarettes.

Second, Cooper asserts that KRS § 131.622(4) permits a cigarette distributor to possess "unstamped containers of cigarettes held in inventory for delivery to, or for sale in, another

7

state." Therefore, neither the intermediate wholesaler nor DS Marketing were required to pay Kentucky excise taxes because they held the cigarettes for and in fact did sell them in another state. While on its face that statute appears to support Cooper's position, the Court declines to apply the statute in this case. First, the statute at issue, KRS § 131.622(4), was enacted as part of the Tobacco Master Settlement Agreement Complementary Act, found in Chapter 131 of the Kentucky Revised Statutes. Chapter 131 contains laws for the establishment and operation of Kentucky's Department of Revenue. Cooper has not shown how KRS § 131.622(4) is applicable to or otherwise supersedes the specific excise tax provisions, including those that apply to cigarettes, found in Chapter 138. Second, the language of KRS § 131.662(4) cautions against the reading advocated by Cooper. The complete language of that statute reads, "Nothing *in this section* [that is, KRS § 131.622] shall prohibit a stamping agent or distributor from possessing unstamped containers of cigarettes held in inventory for delivery to, or for sale in, another state." KRS § 131.622(4) (emphasis added). It does not say that taxes due under other provisions of Kentucky law are inapplicable to such cigarettes.

## CONCLUSION

Defendant David Cooper moved to dismiss the indictment alleging he violated the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341 *et seq.* For all of the foregoing reasons, Cooper's motion is **DENIED**.